**IN THE UNITED STATES DISTRICT COURT**
**FOR THE TENTH CIRCUIT IN KANSAS**

| | | |
|---|---|---|
| **DENNIS CONRAD**<br>7906 E. 118th St.<br>Kansas City, MO 64134<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MPS GROUP, INC.**<br>38755 Hills Tech Dr.<br>Farmington Hills, MI 48331<br><br>Serve: Registered Agent<br>**CT Corporation System**<br>**112 SW 7th St. Suite 3C**<br>**Topeka, KS 66603**<br><br>**Defendant.** | ) | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

### I. Preliminary Statement

1. COMES NOW, Plaintiff, Dennis Conrad, by and through his attorneys of record Baldwin & Vernon and brings this cause of action against Defendant MPS Group, Inc., hereinafter collectively referred to as "Defendant Company." This action seeks declaratory, injunctive and equitable relief, actual, compensatory and punitive damages, and costs and attorneys' fees may be awarded pursuant to 42 USC §2000e-5(k) and Federal Rules of Civil Procedure 54, for Defendant Company's conduct and actions taken against Plaintiff.

### II. Jurisdiction

2. This Court has original jurisdiction in this section pursuant to 28 U.S.C. 1331 and 1343, 29 U.S.C. section 621, 42 U.S.C. 12188, 42 U.S.C. 2000a-3(a), and 42 U.S.C. 2000a-6(a); 28 USC § 1343 (4), 42 USC § 2000e-5 (f). A Right-to-sue letter was issued by the Equal Employment

Opportunity Commission (EEOC) on January 9, 2023. The Right To Sue Letter, including a copy of Plaintiff's original charge of discrimination filed with the EEOC, is attached hereto as exhibit 1 and is hereby incorporated as if fully set forth herein.

3. Jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC § 2201, § 2202, 42 USC § 1981a.

5. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), 42 USCA §12101 et. seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff is alleging claims of employment discrimination based on disability/perceived disability, age, race and retaliation, and a retaliatory discharge in violation of the Kansas Worker's Compensation Act.

6. The ADAAA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability," 42 U.S.C. §12112(a), and requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability," *id* §12112(b)(5)(A).

7. Costs and attorneys' fees may be awarded pursuant to 42 USC § 2000e-5(k) and the Federal Rules of Civil Procedure 54 and are requested by Plaintiff.

8. The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $25,000.00; in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages.

9. Prior to filing this Complaint for Damages, Plaintiff sought administrative relief

through the Equal Employment Opportunity Commission to no avail and exhausted all required administrative procedures prior to filing this Complaint for Damages.

**III. Venue**

10. This action properly lies United States Federal Court for the District of Kansas, pursuant to 42 USC § 2000e-5(f)(3) and 28 U.S.C. 1391(b)(1), because unlawful employment practices were committed in this judicial district.

11. Venue is proper in that Defendant Company is located within this District and the acts complained of took place within this District.

**IV. Parties**

12. Plaintiff Dennis Conrad is a resident of the United States, residing at 7906 E. 118th St., Kansas City, MO 64134.

13. Defendant MPS Group, Inc., hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Wyandotte County, at relevant times referred to herein, and specifically at 3201 Fairfax Trfy., Kansas City, KS 66115 with its corporate offices at 38755 Hills Tech Dr., Farmington Hills, MI 48331. Defendant Company is an employer within the meaning of 42 USC § 2000e *et seq*.

**V. Facts Common to All Counts**

17. Plaintiff, Dennis Conrad, is a 65-year-old male, who worked for MPS Group, Inc., hereinafter referred to collectively as "Defendant Company" for almost eight years.

18. Plaintiff was hired by Caravan Facilities Management, LLC on or about November 20, 2014.

19. In 2017, MPS Group, Inc. ("Defendant Company"), took over Caravan Facilities Management, LLC.

20. Plaintiff was injured on the job in 2016.

21. Plaintiff filed a worker's compensation claim and was placed on permanent light duty restrictions.

22. Defendant Company accommodated Plaintiff's restrictions without issue.

23. When MPS Group, Inc., took over in 2017, Plaintiff was still working under his permanent light duty restrictions, and Defendant Company continued to accommodate him.

24. On or about February 28, 2021, a companywide layoff occurred due to part shortages; essentially there was no work for employees of Defendant Company to do.

25. On or about January 20, 2022, Brian Fryer called Plaintiff stating he was trying to get Plaintiff to return back to work.

26. Brian said William Polk stated Plaintiff would need to go to the doctor to have a check up on his injury that was sustained while at work back in 2016.

27. Brian also said that Defendant Company would not pay for Plaintiff to have this doctor's visit.

28. On or about February 14, 2022, Ronnie White, union representative, called Plaintiff and said that him, Joe, and Brian were in a meeting discussing Plaintiff's return to work.

29. They again told Plaintiff that he would have to go to the doctor to get an updated report on his injury.

30. Plaintiff was told that he had terminated himself for not getting back with them on the fifth day with the update on his injury from the doctor.

31. Plaintiff never received any termination paperwork, nor did he sign any documents indicating that his employment was terminated.

32. Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant Company's conduct.

33. Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant Company's conduct.

34. Defendant Company and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to his right to be free from such discrimination.

**VI. Causes of Action**

**COUNT I**

**RETALIATORY DISCHARGE**
**AGAINST DEFENDANT COMPANY**

35. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

36. Defendant Company terminated Plaintiff in retaliation for Plaintiff's report of a workplace injury, seeking medical attention for a workplace injury and/or for filing a worker's compensation claim.

37. Defendant's action of terminating Plaintiff after suffering a workplace injury and after Plaintiff had to be seeking medical care and treatment and was still under the doctor care is

in violation of public policy of the State of Kansas set forth in the Worker's Compensation Act and Kansas law.

38. For reasons of public policy, and employee-at-will may not be discharged for suffering a workplace injury and/or for filing a worker's compensation claim.

39. An employer may not terminate an employee in retaliation for filing a worker's compensation claim, or in anticipation of the employee filing a worker's compensation claim.

40. Allowing an employer to discharge an employee for being absent as a result of a work-related injury would allow an employer to indirectly fire an employee for a worker's compensation claim, a practice contrary to public policy of the State of Kansas.

41. MPS Group, Inc., is an entity which falls under Kansas Law and the Worker's Compensation Act.

42. The elements of a prima facia claim for retaliatory discharge for filing a worker's compensation claim are: (1) the Plaintiff files a claim for worker's compensation benefits or sustains an injury for which he or she might assert a future claim for such benefits; (2) the employer has knowledge of the Plaintiff's worker's compensation injury; (3) the employer terminates the Plaintiff's employment; and (4) a causal connection exists between the protected action or injury and the termination.

43. At the time Plaintiff was terminated, he had sustained an injury for which she asserted a claim for worker's compensation benefits.

44. At the time Plaintiff was terminated, Defendant Company had knowledge of Plaintiff's injury.

45. On or about February 14, 2022, Plaintiff was terminated by Defendant Company.

46. Defendant Company terminated Plaintiff because he suffered a workplace injury.

47. Defendant Company terminated Plaintiff intending to discontinue his workers' compensation benefits.

48. Defendant Company retaliated against Plaintiff by terminating his employment because he had suffered an on-the-job injury.

49. Defendant Company's termination of Plaintiff would not have occurred but for his suffering an on-the-job injury and his seeking benefits under worker's compensation.

50. A causal connection existed between the protected activity of Plaintiff suffering an on-the-job injury, making a worker's compensation claim, and Defendant Company termination of Plaintiff's employment.

51. The stated reason terminating Plaintiff was false and pretextual.

52. Plaintiff has sustained damages as a direct and proximate cause of Defendant Company behavior.

53. Defendant Company pretext for terminating Plaintiff is false, malicious, and constitutes wanton conduct.

54. Upon information and belief, Defendant Company has engaged in a pattern or practice of discrimination and retaliation against employees that are similarly situated to Plaintiff, and Defendant Company conduct towards Plaintiff was a part of this pattern or practice.

WHEREFORE Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count I of his Complaint, and for back pay, including wage increases and reimbursement of any lost fringe benefits, retirement plan benefits, pension benefits, social security contributions, for an award of front pay, emotional pain and suffering, mental anguish, inconvenience, loss of enjoyment of life, for punitive damages, for pre-judgment interest, for costs and for such other further relief as the Court may deem just and equitable.

**COUNT II**

**DISABILITY DISCRIMINATION FOR FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY**

55. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

56. Plaintiff was injured on the job and is therefore considered a member of the protected category under the Americans with Disabilities Act As Amended.

57. Plaintiff was qualified and capable of performing the essential functions of the position and/or would have been if reasonable accommodations had been made for his handicap.

58. Defendant Company's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff as compared to similarly situated individuals who were not disabled and, as such, Defendant Company's actions were unlawful employment practices in violation of Americans with Disabilities Act As Amended.

59. Plaintiff's disability was a motivating factor in their decision to treat him disparately as compared to similarly situated non-disabled employees.

60. Defendant Company engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

61. As a direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

62. As a further direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer

in the future.

63. Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT III

## PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADAAA) AGAINST DEFENDANT COMPANY

64. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

65. Defendant Company's perceived Plaintiff as being disabled due to his injury sustained in 2016.

66. By treating him disparately as compared to other similarly situated employees who had not experienced a medical malady in violation of the ADAAA.

67. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of perceiving the Plaintiff to have a disability and refusing to accommodate him, which constituted discrimination based on such disability.

68. Defendant Company's perception of Plaintiff as disabled was a motivating factor in the decision to terminate him.

69. Plaintiff suffered a tangible job detriment as a result of Defendant Company's discriminatory treatment.

70. Defendant Company knew or should have known of the discrimination based on the perceived disability, but failed to address the problem, and further failed to reasonably accommodate Plaintiff's disability.

71. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

72. Plaintiff's disability was a motivating factor in Defendant Company decision to treat him disparately as compared to other similarly situated employees and to refuse to accommodate, and ultimately terminating him.

73. As a direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

74. As a further direct and proximate result of Defendant Company's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future.

75. Plaintiff has been damaged by Defendant Company unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the American with Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs

expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**COUNT IV**

**RETALITION, COERCION, AND/OR INTIMIDATION IN VIOLATION OF THE ADAAA**
**AGAINST DEFENDANT COMPANY**

76. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

77. During the time Plaintiff was employed by Defendant Company, Plaintiff engaged in protected activity under the ADAAA, Plaintiff opposed acts and practices made unlawful by the ADAAA, including but not limited to, failing to accommodate Plaintiff's disability, withdrawing previous accommodations for Plaintiff, and/or subjecting Plaintiff to disparate treatment, harassment, discrimination, and/or termination on the basis of his disabilities, as set forth herein.

78. Requesting a reasonable accommodation is a protected activity.

79. Taking leave of absence for a workplace injury is a protected activity.

80. Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

81. During the time Plaintiff was employed by Defendant Company, he exercised and/or enjoyed rights granted and/or protected by the ADAAA, including, but not limited to, requesting and making use of reasonable accommodations for his disability, as set forth herein.

82. Defendant Company coerced and/or intimidated Plaintiff on account of his having exercised and/or enjoying rights granted and/or protected by the ADAAA.

83. Defendant Company interfered with Plaintiff on account of his having exercised

and/or enjoyed rights granted and/or protected by the ADAAA.

84. Defendant Company by and through its managers and/or executives engaged in actions prohibited by the ADAAA.

85. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of Plaintiff's objections to what he believed was discriminatory treatment by the Defendant Company in refusing to accommodate him.

86. Plaintiff suffered a tangible job detriment as a result of Defendant's retaliatory treatment.

87. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff.

88. Plaintiff's engaging in a protected activity of complaining of what he believed to be a discriminatory action was a motivating factor in Defendant Company decision to treat his disparately as compared to other similarly situated employees and to refuse to accommodate him.

89. Plaintiff has been damaged by Defendants' unlawful employment actions.

90. As a direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and will so suffer in the future.

91. As a further direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earning and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.,* in violation of the American with

Disabilities Act as Amended*;* for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**COUNT V**

**AGE DISCRIMINATION UNDER THE ADEA AGAINST DEFENDANT COMPANY**

92. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

93. Plaintiff is an individual subject to the protection of the MHRA based upon the fact that he was over 40 years old at the time of the events alleged herein.

94. Defendant Company's actions, as noted above, constituted discrimination against the Plaintiff in violation of the ADEA.

95. Defendant Company terminated Plaintiff's employment and Plaintiff's age was a motivating factor in the decision to terminate his employment.

96. At the time these actions were taken by Defendant Company, Defendant Company knew these actions were unlawful and that they were done with an evil motive and/or reckless indifference to the rights of Plaintiff to be free from such discrimination.

97. Defendant Company's actions were unlawful employment practices in violation of the ADEA.

98. Plaintiff has been damaged by Defendant Company's unlawful employment actions.

WHEREFORE, Plaintiff respectfully prays for a judgment in his favor and against Defendant Company on Count V of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.*, in violation of the ADEA*;* for an

award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

99. employment actions.

**VII. Prayer for Relief**

100. Wherefore, Plaintiff prays that this Court:

a. declare the conduct engaged in by Defendant Company to be in violation of Plaintiff's rights;

b. enjoin Defendant MPS Group, Inc. and its managers/supervisors from engaging in such conduct;

c. restore Plaintiff to him rightful position with MPS Group, Inc. or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period or front salary and benefits accrual;

e. award Plaintiff compensatory, punitive and liquidated damages against Defendant Company;

f. award Plaintiff damages for emotional pain and suffering;

g. award Plaintiff his costs and attorneys' fees; and

h. grant such other relief as it may deem just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By: /s/ *Kevin Baldwin*
Kevin Baldwin, KS Bar No. #18637
Eric Vernon, KS Bar No. #21358
Sylvia Hernandez, KS Bar No. #78914
**BALDWIN & VERNON**
108 S Pleasant St.
Independence, MO 64050
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
Sylvia@bvalaw.net

ATTORNEYS FOR PLAINTIFF